AO91 (Rev. 10/03) Criminal Complaint

# UNITED STATES DISTRICT COURT

__SOUTHERN__          DISTRICT OF          __TEXAS__

UNITED STATES OF AMERICA
V.
ALDO AGUILAR RAMIREZ

**CRIMINAL COMPLAINT**

Case Number: H-08-816 M

(Name and Address of Defendant)

I, the undersigned complainant, state that the following is true and correct to the best of my knowledge and belief. On or about __November 28, 2006__ in __Harris__ County, in
(Date)
the Southern District of Texas defendant(s) did,

*(Track Statutory Language of Offense)*
knowingly and intentionally move and travel in interstate and international commerce, namely from Texas to Mexico, to avoid prosecution by the state of Texas for the crime of Murder, a felony,

in violation of Title __18__ United States Code, Section(s) __1073__.

I further state that I am a(n) __Special Deputy U. S. Marshal__ and that this complaint is based on the
Official Title
facts related in the affidavit attached hereto and made a part of this complaint.

Signature of Complainant

John Clarke, Special Deputy U. S. Marshal
Printed Name of Complainant

Sworn to before me and signed in my presence,

December 2, 2008                                    at     Houston, Texas
Date                                                        City and State

MARY MILLOY, UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                          Signature of Judicial Officer

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**AFFIDAVIT**

I, John Clarke, being duly sworn, do hereby depose and state:

1. I am a Sergeant with the Houston Police Department (HPD) who is also a Special Deputy United States Marshal assigned to the Federal Bureau of Investigation (FBI), Violent Crime Task Force/Fugitive Detail, duly appointed according to law and acting as such. I have been a sworn law enforcement officer for 29 years. The facts contained in this affidavit are based upon information provided to me by other law enforcement officers, other witnesses, and my own personal knowledge. Since this affidavit is made for the limited purpose of supporting a Criminal Complaint, I have not set forth each and every fact learned during the course of this investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause for the crime charged. Unless otherwise indicated, where actions, conversations, and statements of others are related herein, they are related in substance and in part only.

2. On November 28, 2006, Julian Ruiz was standing in front of Westbury High School talking to several other students before class began. As Ruiz and the other students were conversing, a gold colored Ford Mercury drove slowly past the group several times. After approximately the fourth pass, the vehicle pulled up next to the group of students and Ruiz asked the occupants what they were looking at. The passenger of the Mercury asked Ruiz what gang he was affiliated with and Ruiz replied "707 Browns".

The passenger of the vehicle then pointed a pistol at Ruiz, who, according to witnesses, raised his hands, palms up. The passenger in the gold Mercury then yelled "LP", referring to "La Primera", and fired one shot at Ruiz, striking him in the chest. Investigators with the Houston Police Department (HPD) Homicide Division spoke to several witnesses who identified the driver of the gold Mercury as ALDO AGUILAR RAMIREZ.

3. On December 1, 2006, ALDO AGUILAR RAMIREZ was charged by complaint in the 184th District Court, Harris County, Texas, with Murder, a felony. A warrant for ALDO AGUILAR RAMIREZ'S arrest was issued that same date by the 184th District Court, Harris County, Texas.

4. On April 10, 2008, your affiant received a letter from the office of Kenneth Magidson, District Attorney, Harris County, Texas, requesting assistance from the FBI under the Unlawful Flight to Avoid Prosecution Statue (Title 18, United States Code, Section 1073). The letter further stated the Harris County District Attorney's office would extradite ALDO AGUILAR RAMIREZ from anywhere within the United States and Mexico.

5. On May 14, 2008, RAMIREZ's brother-in-law, LUDWYN SOBERANIS, was interviewed by Houston Police Officer A. Garcia at the Harris County Jail and advised that RAMIREZ fled Texas soon after the murder and was now residing in Mexico.

6. Your affiant spoke to Houston Police Officer A. Garcia who stated that he reviewed a telephone recording from the Harris County Jail between SOBERANIS and his mother which occurred on May 27, 2008. During this conversation, SOBERANIS told his mother that he was interviewed by the police about RAMIREZ'S whereabouts.

SOBERANIS told his mother that he knows RAMIREZ is in Mexico and knows what city he is living at in Mexico.

7. ALDO AGUILAR RAMIREZ is further identified as ALDO AGUILAR RAMIREZ, white Hispanic male; date of birth July 31, 1989; approximately 5' 3" tall, and weighing approximately 160 lbs; brown eyes and black hair; last known to reside at 10200 West Bellfort, apartment 1415, Houston, Texas.

8. Based on the foregoing, I believe there is probable cause to believe that during December 2006, ALDO AGUILAR RAMIREZ, did knowingly and intentionally move and travel in interstate and foreign commere, namely from Texas, to avoid prosecution by the State of Texas for the crime of Murder, a felony, in violation of Title 18, United States Code, Section 1073.

John Clarke, Special Deputy U. S. Marshal
FEDERAL BUREAU OF INVESTIGATION

Sworn to and subscribed before me this 2nd day of December, 2008, and I find probable cause.

MARY MILLOY
UNITED STATES MAGISTRATE JUDGE